# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BIAGIO STRAGAPEDE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 08879 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF EVANSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS—FINAL

### FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### No Inference from Judge's Questions

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

### ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one of the parties is a municipal corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

### EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent memory of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memories or impressions of each juror about the testimony.

### CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

*Limiting Instruction Concerning Evidence of Policies.* Here is one example of evidence allowed for a limited purpose. You have heard evidence about whether Defendant's conduct complied with a City policy concerning the timing of the placement of records into an employee's personnel file. You may consider this evidence in your deliberations, but only to purportedly show the motives and credibility of the City's employees. Remember that the issue is whether Defendant wrongfully discriminated against and terminated Plaintiff due to Plaintiff's disability, not whether a particular policy might have been complied with.

### WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-        the witness's memory;

-        any interest, bias, or prejudice the witness may have;

-        the witness's intelligence;

-        the manner of the witness while testifying;

-        and the reasonableness of the witness's testimony in light of all the evidence in the case.

12

## PRIOR INCONSISTENT STATEMENTS

*Prior Inconsistent Statements of Parties.* You may consider statements given by a party before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony. For purposes of this instruction, the parties are Biagio Stragapede, David Stoneback, Vicki Biner, Timothy Bartus, Joellen Earl, Kevin Lookis, Judith Napoleon, and Lara Biggs.

*Prior Inconsistent Statements of Non-Parties, Under Oath.* You may consider statements given under oath by a non-party before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

*Prior Inconsistent Statements of Non-Parties, Not Under Oath.* With respect to non-parties who made a prior statement not under oath, the law is different. If you decide that, before the trial, a non-party witness made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

13

### LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

### ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

### NATURE OF ADA CLAIM AND DEFENSE

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, Plaintiff claims that Defendant discriminated against him by not accommodating his disability and firing him because he had a disability. Defendant denies that it discriminated against Plaintiff and says that Plaintiff was terminated because he could not perform the essential functions of his job and the potential accommodations were unreasonable.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

### ELEMENTS OF AN ADA CLAIM

Before I discuss the "elements," or things, that Plaintiff must prove to succeed on the ADA claim, I will give you an introductory instruction. Ordinarily, under the ADA, one of the first things that a plaintiff must prove is that he is an individual with a "disability." One of the ways that the term "disability" is defined under the ADA is that an employee is considered to have a "disability" if his employer perceived the employee as someone with a physical or mental impairment and the employer terminated the employee because of that perception. Under the ADA, we call this situation as one where the employee is "regarded as" disabled. In this case, based on a pretrial decision, you are instructed that Plaintiff has proven that he was "regarded as" disabled by Defendant, and thus Plaintiff is an individual with a "disability," as defined by the ADA.

Let's move on to what Plaintiff must prove to win the case. To succeed in this case, Plaintiff must prove three things by a preponderance of the evidence:

1.    Plaintiff was "qualified" to perform the "essential" functions of the job;

2.    Defendant terminated Plaintiff;

3.    Defendant would not have terminated Plaintiff, if Plaintiff had not had a disability, but everything else had been the same.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages. If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant.

I will now give you more instructions to explain these elements.

### DEFINITION OF "QUALIFIED" & "ESSENTIAL" FUNCTIONS

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's "essential" functions, either without any accommodations or with reasonable accommodations that were requested. (I will define "reasonable accommodations" for you in a few minutes.) You should only consider Plaintiff's abilities during from June 2010 to the time that he was terminated.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

### DEFINITION OF REASONABLE ACCOMMODATION

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

*Interactive Process.* Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee or, if necessary, with his doctor, whether there is a reasonable accommodation that will permit him to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed.

*Undue Hardship Defense.* Under the ADA, Defendant does not need to accommodate Plaintiff if it would cause an "undue hardship" to its business. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of Defendant's business or how Defendant runs its business.

On this particular defense, it is the Defendant who bears the burden of proof. Defendant must prove to you by a preponderance of the evidence that Plaintiffs proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1.     The nature and cost of the accommodation;

2.     Defendant's overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3.     The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4.     The way that Defendant conducts its operations. This might include its workforce structure; the location of its facility where the accommodation would be

made compared to Defendant's other facilities; and the relationship between these facilities.

### DIRECT THREAT DEFENSE

There is another particular defense for which the Defendant bears the burden of proof. In this case, Defendant says that it did not accommodate and terminated Plaintiff because accommodating and retaining him would have created a significant risk of substantial harm to Plaintiff or others in the workplace. Defendant must have based this decision on a reasonable medical judgment that relied on the most current medical knowledge and the best available objective evidence about whether Plaintiff could safely perform the essential functions of the job at the time. If Defendant proves this to you by a preponderance of the evidence, you must find for Defendant.

In deciding if this is true, you should consider the following factors: (1) how long the risk will last; (2) the nature and severity of the potential harm; (3) how likely it is that the harm will occur; and (4) whether the potential harm is likely to occur in the near future.

Defendant must prove that there was no reasonable accommodation that it could make which would eliminate the risk or reduce it so that it was no longer a significant risk of substantial harm.

23

### DAMAGES: OVERVIEW

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

### COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should *not* consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The mental and emotional pain and suffering that Plaintiff has experienced, and is reasonably certain to experience in the future. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

25

## MITIGATION OF DAMAGES

Defendant argues that Plaintiff's claim for compensatory damages based on the pain and suffering that he allegedly feels from being unemployed and feels from being unable to provide financial support for his family should, at the least, be cutoff at the time that Plaintiff could have found comparable employment.

If you find that:

1.     Plaintiff did not take reasonable actions to cutoff this form of compensatory damages, and

2.     That Plaintiff reasonably might have found comparable employment if he had taken such action,

then you should not award this form of compensatory damages for the time period when the comparable employment could reasonably have been found.

Defendant must prove both that the reduction should be made and its amount.

## Selection of Presiding Juror

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms read].

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

### COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## JURY DELIBERATIONS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.