# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BIAGIO STRAGAPEDE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 12 CV 08879 |
| CITY OF EVANSTON, | ) |
| Defendant. | ) |

## DEFENDANT CITY OF EVANSTON'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(b)

Pursuant to Federal Rule of Civil Procedure 50(b), Defendant, City of Evanston ("City"), by and through its attorneys, the City of Evanston Law Department, submits its renewed motion for judgment as a matter of law as to Plaintiff's disability claim under the Americans with Disabilities Act ("ADA"). In support of this motion, the City incorporates its supporting memorandum of law, and states as follows:

## I. Procedural Background

1. On September 24, 2010, the City terminated Plaintiff from his position as a Water Service Worker due to his failure to perform his essential functions of work.

2. On November 6, 2012, Plaintiff filed his Complaint against the City alleging a violation of the ADA. (Dkt. 1).

3. On September 26, 2014, the Court partially granted summary judgment in Plaintiff's favor and found that the facts establish that Plaintiff was disabled under the "regarded as" prong of the ADA. (Dkt. 70 at 10). However, the Court denied the remainder of the Plaintiff's cross-motion for summary judgment and also denied the City's cross-motion for summary judgment in its entirety. (*Id.*).

1

4. On March 9, 2015, a jury trial commenced on Plaintiff's ADA claim. (Dkt. 121). At the close of Plaintiff's case on March 12, 2015, the City, pursuant to FRCP 50(a), made its oral motion for judgment as a matter of law arguing that Plaintiff was not qualified to perform the essential functions of his job, that he was a direct threat to himself and others while on the job, and that no reasonable accommodations existed to permit Plaintiff to do his job in 2010.

5. The jury returned a verdict in the Plaintiff's favor and against the City on Plaintiff's ADA discrimination claim and awarded Plaintiff compensatory damages in the amount of $225,000. (Dkt. 127). Following post-trial briefing and hearings, on August 28, 2015, this Court entered an AO-450 judgment in favor of Plaintiff for $579,070.72. (Dkt. 151).

## II. Legal Standards

5. On a motion for judgment notwithstanding the verdict or judgment as a matter of law, "[t]he standard is whether there is substantial evidence to support the verdict." *La Montagne v. American Convenience Products, Inc.*, 75 F.2d 1405, 1410 (7th Cir. 1984). Specifically, the court should "inquire whether evidence presented, combined with all **reasonable inferences** that may be drawn from it, is sufficient to support the verdict when viewed in the light most favorable to the party winning the verdict." *Id.* [emphasis added].

6. "Any conflicts in the evidence must be resolved in favor of the resisting party, and every permissible inference from the evidence must be resolved in favor of the party resisting the motion." *Tice v. Lampert Yards, Inc.*, 761F.2d 1210, 1213 (7th Cir. 1985). If the verdict is only supported by a "mere scintilla of evidence" (*i.e.* "there is insufficient evidence upon which a reasonable person could properly base a verdict"), then judgment as a matter of law should be awarded to the moving party. *Id.*

## III. Summary of the Arguments

7.      As more fully explained in its memorandum of law, the City is entitled to judgment as a matter of law on Plaintiff's ADA claim because the trial evidence "supports but one conclusion" that Plaintiff failed to prove, let alone meet his threshold burden on the necessary element of the ADA claim that he was qualified to perform the essential functions of the Water Service Worker position. *See Mejia v. Cook County, Ill.*, 650 F.3d 631, 634 (7th Cir. 2011) ("[A] motion for judgment as a matter of law can be granted … if the court – after viewing the evidence in the light most favorable to the non-movant – believes that the evidence supports but one conclusion – the conclusion *not* drawn by the jury.") (emphasis in original) (internal quotation marks and citation omitted).

8.      To prevail on an ADA discrimination claim, Plaintiff must prove that: (1) he was disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) defendant took an adverse employment action against him because of his disability or without making a reasonable accommodation for it. *Basden v. Professional Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013).

9.      It is the Plaintiff's burden to "present the court with evidence that, if believed by a trier of fact, would establish all three elements [of an ADA claim]." *Kotwica v. Rose Packing Co.,* 637 F.3d 744, 748 (7th Cir. 2011).

10.     Here, based on the overwhelming and substantial evidence adduced at trial by the City, and the lack of evidence presented by the Plaintiff, Plaintiff failed to prove that he is qualified to perform the essential functions of his job. No rational jury should have found for Plaintiff in this matter based on the trial evidence. *See* EEOC *v. AutoZone*, 707 F.3d 824 (7th Cir. 2013).

11.     The substantial trial evidence adduced from 6 City witnesses and Dr. Grujic, demonstrates that that the City met its burdens of proof on its direct threat and undue hardship

affirmative defenses. Additionally, the Plaintiff failed to meet his burden that reasonable accommodations were available for him to perform the essential functions of his job.

12. On the totality of the evidence and testimony elicited at trial, the jury verdict is not supported by substantial evidence and should be reversed and overturned in the City's favor.

### IV. Conclusion

WHEREFORE, for the reasons identified herein, and which are articulated more fully in its supporting memorandum of law, Defendant, City of Evanston, respectfully requests that the Court grant its renewed motion for judgment as a matter of law and enter judgment notwithstanding the verdict in Defendant's favor as to Plaintiff Biagio Stragapede's ADA claim.

Dated: September ___, 2015                    Respectfully submitted,

                                                                            /s/ W. Grant Farrar
                                                                                 Corporation Counsel
                                                                                 City of Evanston

W. Grant Farrar, Corporation Counsel (gfarrar@cityofevanston.org)
Henry J. Ford, Jr., Assistant City Attorney (hford@cityofevanston.org)
City of Evanston Law Department
2100 Ridge Avenue, Suite 4400
Evanston, IL 60201
(847) 866-2937
(847) 448-8093 (fax)

### CERTIFICATE OF SERVICE

W. Grant Farrar, an attorney, certifies that a copy of the foregoing was served upon Plaintiff's counsel of record, Tracy Stevenson, Robbins, Salomon & Patt Ltd., 180 N. LaSalle Street, Ste. 3300, Chicago, IL 60601, via the CM/ECF system, on September ___, 2015.

/s/ W. Grant Farrar
W. Grant Farrar, Corporation Counsel
Henry J. Ford, Jr., Assistant City Attorney
City of Evanston, Law Department
2100 Ridge Ave. #4400
Evanston, IL 60201
(847) 866-2937
Attorneys for Defendant