**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BIAGIO STRAGAPEDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12 CV 08879 |
| | ) | |
| CITY OF EVANSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF OPPOSING PLAINTIFF'S PETITION**
**FOR ATTORNEYS' FEES & COSTS**

**Background**

Following the required consultation with Plaintiff's counsel pursuant to LR 54.3, the City submits this brief opposing some of Plaintiff's requested fees and costs. The City reasonably objects to the following hours/amount sought:

$2,626.50 in costs
$118,507.50 in attorneys' fees/506 hours
$121,134 in total

A spreadsheet of the City's detailed objections identifying precisely which entries are excessive, redundant, or otherwise unreasonable was attached to the Joint Statement related to Plaintiff's petition filed on March 28, 2016. This spreadsheet is sufficient countervailing authority and meets the City's burden opposing certain fees. *Ohio-Sealy Mattress Mfg. Company v. Sealy Inc.*, 776 F.2d 646 (7th Cir. 1985); *Sommerfield v. City of Chicago*, 2013 WL 139502, (N.D. Ill. 2013). To summarize, the Defendant's objections are identified in discrete categories and the legal basis is discussed in greater detail below:

- Duplicative and/or Redundant Overstaffing;
- Excessive Time;
- Block Billing and/or Vague Time Entry;

- Improperly Charged Clerical Work; or
- Fees and Costs Sought for Unrelated and Irrelevant AFSCME arbitration matters.

## Argument

### A. Applicable Standards.

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a **reasonable attorney's fee** as part of the costs" [emphasis added]. A party contesting fees and costs is permitted to more fully explain the bases for its objections in its brief opposing the plaintiff's petition. *Soleau v. Illinois Department of Transportation*, 2011 WL 2415008 (N.D. Ill. 2011). An attorney is obligated to use "billing judgment" in calculating fees, and should omit from his submission any excessive, redundant or otherwise unnecessary hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The fee applicant bears the burden of proving his entitlement to an award and appropriately documenting the hours and rate. *Hensley*, 461 U.S. at 437

### B. Hours Representing Duplicative Overstaffing Are Insupportable as a Matter of Law and Should be Disallowed.

It is well known that law firms inefficiently overstaff cases in the pursuit of a windfall at trial. The 7th Circuit in *Schlacher v. Law Offices of Philip J. Rotche*, 574 F.3d 852 (7th Cir. 2009) opined: "….overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." The *Schlacher* court struck approximately 50% of the fees sought in that case. The 7th Circuit in an earlier case, *Jardien v. Winston Network*, 888 F. 2d 1151, 1160 (7th Cir. 1989), specifically identified the tendency of law firms to overstaff a case, and reminded us that:

> "Of course, duplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee-shifting statute."

It is proper to closely scrutinize billed hours to determine if a case was inefficiently overstaffed. *Montanez v. Simon* 755 F.3d 547 (7th Cir. 2014).

It is true that Defendant staffed the case with 2 attorneys, both of whom however were involved with the case for years, split the depositions, filed appearances on the case, and both examined trial witnesses. That type of lean and focused staffing compares quite favorably to the diffuse, inefficient billing by Plaintiff's lawyers.

The legal and factual basis to certain objections to attorney overstaffing are discussed below. As the case law makes clear, context matters. The complete time entries reviewed by the undersigned during the LR 54.3 consultations, and which were attached to Joint Statement, provide context in which to consider Defendant's objections.

1. Andres Gallegos

It is true that Mr. Gallegos was involved on front-end case intake. It is true that because of his actions obstructing the interactive process pre-lawsuit, that Defendant sought to disqualify this law firm. However, given that the majority of his time billed in this case was in a tangential supportive capacity, or that he only served as a spectator in Court, disallowing his duplicative hours is appropriate. He was one of 6 attorneys who touched this file, and one of 4 partners that billed to it. Certain hours were billed to drafting a "background memo" for 5.3 hours in October 2010. No detail was identified regarding the background, legal theories, or any detail to show how this billing was reasonable. It is but one of the instances of cumulatively redundant overstaffing by this partner and others in his law firm. The 4.20 hours entered for October 25 & 29, 2012 are 10 words indicating purported revisions to the complaint or reviewing a research memorandum. That inadequately vague detail is another example of this attorney's unreasonable billing following Ms. Stevenson's billing 5.5 hours on complaint drafting between October 19,

2012 and November 1, 2012. More examples of excessive bill padding can be found, to wit, his billing 2.0 hours on March 9, 2015 for "attending trial", but then later "no charging" for his 4.0 hours attending the back and front pay hearing on June 9, 2015. On December 5, 2013, .40 hours are charged by this attorney for "reviewing (internal) emails. These examples speak to unreasonable time entries that are not compensable.

    2.   Jennifer Sender

Ms. Sender's time is billed in January 2014 relative to purported work on the motions for summary judgment. This time, which is block billed as well, is billed concurrently with the time purportedly incurred by 2 other partners and one associate. Where one attorney bills time by another attorney simultaneously doing the same thing, it is appropriate for that time to be disallowed. *Montanez v. Simon* 755 F.3d 547, 555 (7th Cir. 2014).

On the Plaintiff's motion for summary judgment, the 3 other attorneys billed approximately 40 hours. On the response brief, the 3 attorneys billed approximately 56 hours. To be sure, there is no detail in Ms. Sender's entries indicating how her work differed from Ms. Lauricella's, instead, it is 4.60 hours here, or 6.50 hours there, indicating "extensive revisions" were needed. There is no indication what these "extensive revisions" were, or how they added value to the brief. Ms. Lauricella billed 24.5 hours on the response brief to the Plaintiff's motion, but also did a series of "no charges" for January 3, 6, and 9, 2013 relative to purported motion work. The concurrent, excessive, yet inadequately described time billed by Ms. Sender, is a clear indication that the motions in draft form were inefficiently worked up in the first place. No client would reasonably expect to pay double for such extensive "revisions". And if the argument for Ms. Sender is that she was "editing" a second or third time the briefs for "final

4

preparation", 14.3 hours is clearly excessive where an expensive senior attorney who was only marginally involved with the case is block billing such a large amount of time for "editing".

    3.  Scott Spears

    Mr. Spears is no longer with the firm. Plaintiff failed to submit an affidavit from Mr. Spears to meet Plaintiff's burden to justify his 59.80 billed hours of unnecessary time. His participation was peripheral, at least as to those tasks requiring an attorney. The fees requested are unreasonable given Mr. Spears' complete lack of involvement with this case until February 27, 2015. He took no depositions, had no role in the motion for summary judgment, had no role in the pre-trial order, and had no role in the motions *in limine*. As but one example of Mr. Spears' vague, block billed redundant work, he billed 4.0 hours for "trial preparation" on March 2, 2015. This vague entry leaves this Court without any means of discerning what, if any, compensable *legal* work he contributed during those hours. This "trial preparation" is also meaningless as in the end it never resulted in any work related to witness examinations. This type of entry, consistent with all his entries, leaves this Court with no way of knowing how his work contributed to the trial. The hours submitted for his mere presence at trial are objectionable as well as that is the type of unreasonable duplication of efforts disallowed under applicable precedent. *See LaSalvia v. Evanston*, 2012 WL 2502703 (N.D. Ill. 2013)(hours sought by attorney who was a late addition to trial team and did no substantive trial work was reduced to the City's suggested figure); *Smith v. Altman* 2015 WL 4381332 (N.D.Ill. 2015). Simply put, the number of duplicative hours supposedly worked by Mr. Spears fails to equal the number of hours reasonably expended.

### C. Unreasonably Billed Excessive Time Should be Disallowed.

There are many entries seeking clearly unreasonable, excessive time. Excessive time performing certain basic tasks is reduced when it results in more time being billed than reasonable for such tasks, and that that time would not be passed on to a paying client. *Smith v. Altman* 2015 WL 4381332 (N.D.Ill. 2015). Duplicative trial attendance or preparation work geared towards depositions not attended is not credited. *Soleau v. Illinois Department of Transportation*, 2011 WL 2415008 (N.D. Ill. 2011). In a case that Plaintiff cited in his brief, it is important to note the fully elucidated statement by that court regarding internal meetings when it stated:

> Consequently, attorneys seeking reimbursement for internal meetings should identify explicitly the subject matter of their discussions that we may assess whether the amount of time recorded was reasonably expended. In the present case few details are provided with respect to the internal communication of Ms. Tchemkous' counsel….without the benefit of greater explanation from counsel, we cannot say that all of the internal communication time was reasonably expended.

*Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008).

The time entries reflect lots of talking about the case internally, particularly by former associate Lauricella, who billed for at least 32 "internal" conferences over 2 years (but only one time, on September 16, 2013, did Lauricella "no-charge" an internal conference). In another example, Ms. Lauricella met with attorney Gallegos for .40 on August 2, 2013 to discuss the Judy Napoleon deposition. Interestingly, neither Gallegos nor Lauricella prepared for or even attended the Napoleon deposition! Former associate Lauricella is not the only excessive time biller on internal work. Turning again to Gallegos, we see him billing 1.10 on April 17, 2013 to "review email and memorandum from Lauricella", or 1.70 on May 7, 2013 to review yet another internal memorandum from Lauricella. Attorney Stevenson's entry on January 26, 2015 for 6.50

6

hours to "complete" the proposed 13 page pre-trial order, half of which was drafted by defendant, is clearly excessive. None of these hours consist of anything more than file churning, or internal conversations about the case that a paying client would find objectionable.

Attorney Frymire billed 3.0 on May 28, 2015 to "attend" the settlement conference and 3.0 to "attend" the June 9, 2015 damages hearing. That surplus time for mere "attendance" is clearly not compensable under the case law (and to the extent it is relevant, the undersigned was the only city attorney actually attending <u>and</u> presenting the City's case at both proceedings).

### D. Vague or Block Billed Entries Should be Disallowed.

Defendant challenges many hours claimed that are unsupported and vague. Several attorney entries suffer from only block descriptions, making it impossible to determine whether the time spent was reasonable and allowable. In *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986), the court affirmed the district court's reduction in the fee applicant's claimed hours in part because the time was block-billed, and where the total number of hours attributable to research alone was uncertain. *See also Duran v. Town of Cicero*, No. 01 C 6858, 2012 WL 1279903, at *13 (N.D. Ill. Apr. 16, 2012) ("plaintiffs' vague entries and block billing make it impossible for us to fulfill our obligation to determine what was done, whether it was reasonably necessary, and whether a reasonable amount of time was spent on it").

The detail required for time entries is the same level of detail paying clients find satisfactory. *Soleau v. Illinois Department of Transportation*, 2011 WL 2415008 (N.D. Ill. 2011). What is generally acceptable is a description of the tasks performed, the people involved, and a general statement of the topic of conversation or review. *Id., citing Clark v. Oakhill Condominium Assoc.,* 2011 WL 1296719 (N.D. Ind. 2011). Work on needlessly esoteric work can be reduced. *Montanez v. Simon* 755 F.3d 547, 556 (7th Cir. 2014). Each entry is considered

in context of the surrounding entries. *Berberena v. Coler*, 753 F.2d 629, 634 (7th Cir. 1985). The practice of block billing is an inefficient billing practice, objected to by clients everywhere in the legal industry. There are numerous instances of block billing, vague time entries, or entries which are identified as "trial preparation", which the Northern District routinely reduces or strikes. *LaSalvia v. Evanston*, 2012 WL 2502703 (N.D. Ill. 2012); *DuPuy v. McEwen*, 648 F.Supp.2d 107 (N.D. Ill. 2009).

In several instances attorneys Lauricella and Spears block bill or make vague entries giving single totals for combined work. With respect to Mr. Spears, his entries on March 12 and 13, 2015 concerning trial attendance are obviously incapable of further detail because he did not do anything during the trial itself. Ms. Lauricella block billed over 10 hours to prepare a 63 item FR 56.1 statement of facts. It is impossible to decipher how much time was spent on each task, let alone whether that amount of time is reasonable (but it appears at least 10 minutes were billed for each item, some of which were simple jurisdictional notes). Absent more specific descriptions, it is impossible to discern whether total hours that are block-billed include clerical tasks or other non-allowable charges.

The court in *Bretford Mfg., Incl v. Smith Sys. Mfg. Co.*, 421 F.Supp.2d 1117 (N.D.Ill.2006) stated: "The Seventh Circuit has made it very clear that a fee applicant must show the time spent on specific tasks rather than simply the total time spent on a bundle of tasks." Citing to that case, Judge Ellis struck 50% of an attorney's block billed hours as they fatally suffered from block billed entries. *Smith v. Altman* 2015 WL 4381332 (N.D.Ill. 2015). Duplicative and inflated billing for internal communications was stricken when it constituted 9.3% of hours sought, and reduced by 30% for excessive time spent on basic tasks by a first year attorney. *Id.*

A vague entry of "trial prep" resulted in deductions to claimed fees in *Dupuy v. McEwen*, 648 F.Supp.2d 1007 1025 (N.D. Ill. 2009). Accordingly, attorney Stevenson's vague block entries totaling 14 hours on February 12, 13, and 14, 2015 warrant a reduction. Time awaiting a jury verdict is not compensable, and the City registered a reasonable objection regarding amounts sought by attorney Stevenson on March 13, 2015. *LaSalvia v. Evanston*, 2012 WL 2502703; *Warfield v. City of Chicago*, 733 F.Supp.2d 950 (N.D. Ill. 2010). Thus, the 3 hours sought by attorney Stevenson on March 13, 2015 awaiting the trial verdict after the jury took the case at approximately 3:00 p.m. should be disallowed.

**E.** **Hours that are for "clerical or secretarial" tasks should be stricken**

Based upon the holding of *LaSalvia v. Evanston,* 2012 WL 2502703 Defendant objects to entries for "clerical or secretarial tasks". Counsel cannot recover fees for purely "clerical or secretarial tasks". *Patterson v. Burge*, 2008 U.S. Dist.Lexis 606023.

**F.** **Plaintiff's Proposed Fees and Costs Related to AFSCME Implicate Irrelevant Materials in a Proceeding Entirely Separate and Apart from This Trial.**

The City objects to all time entries implicating the AFSCME arbitration, which Plaintiff moved to exclude at trial as being irrelevant. However, "courts may not tax the costs of transcripts ... provided merely for the convenience of the requesting attorney." *Allen v. City of Chicago,* 2016 WL 1070828 (N.D. Ill. 2016) citing *Majeske v. City of Chicago*, 218 F.3d 816 (7th Cir. 2000). The City objects to $2,626.50 in costs sought regarding the AFSCME arbitration as Plaintiff must concede that his position at the pre-trial conference, and at all other times in this cause, was that the arbitration was irrelevant and that all evidence thereto should be excluded at trial. The arguments set forth in Plaintiff's motion *in limine* should be considered and apply to bar costs sought relative to the arbitration.

The case cited to by Plaintiff actually supports the City's position to disallow the AFSCME transcript costs or related attorneys' fees. In *Trs. Of the Chi. Plastering Inst. Pension Trust v. Cork Plastering*, 570 F.3d 890 (7th Cir. 2009), the court affirmed the trial court's refusal to award plaintiff's audit costs as plaintiff in that case failed to demonstrate the costs sought were reasonable. The fact that the City incurred costs in obtaining the AFSCME transcripts is irrelevant, as the City's decision to obtain those materials were related to other matters between the City and AFSCME which have absolutely nothing to do with the proceedings herein.

The City objected to all entries billed by attorneys Stevenson, Gallegos, Lauricella, and Spears related to the AFSCME arbitration for the reasons set forth above, and also pursuant to the holding in *Dupuy v. McEwen*, 648 F.Supp.2d 1007 (N.D. Ill. 2009). In that case, the court reduced and disallowed attorneys' fees sought for hours billed in conjunction with state proceedings. The court identified the question presented as whether the state administrative proceedings constituted an action or proceeding to enforce a provision of Section 1983, and held it was not. *Id*. at 1025. Although plaintiff's counsel in that case actually participated in the state proceedings (which is not the case here, Plaintiff's counsel <u>never</u> represented Plaintiff in the AFSMCE arbitration hearings), that mere presence had nothing to do with enforcement of federal rights. *Id.* at 1026. And, as this Court noted in agreeing with Plaintiff's position, what occurred in the AFSCME proceedings had absolutely no bearing in the matters at issue in this case that was tried to the jury.

## Conclusion

WHEREFORE, for the reasons identified herein, Defendant, City of Evanston, requests that the Court deny the Plaintiff's petition for attorneys' fees and costs, or in the alternative strike and disallow certain costs and fees sought for the reasons set forth in this brief.

Dated:  April 27, 2016                                   Respectfully submitted,

                                        /s/ W. Grant Farrar
                                                Corporation Counsel
                                                City of Evanston

W. Grant Farrar, Corporation Counsel (gfarrar@cityofevanston.org)
Henry J. Ford, Jr., Assistant City Attorney (hford@cityofevanston.org)
City of Evanston Law Department
2100 Ridge Avenue, Suite 4400
Evanston, IL 60201
(847) 866-2937
(847) 448-8093 (fax)

## CERTIFICATE OF SERVICE

W. Grant Farrar, an attorney, certifies that a copy of the foregoing was served upon Plaintiff's counsel of record, Tracy Stevenson, Robbins, Salomon & Patt Ltd., 180 N. LaSalle Street, Ste. 3300, Chicago, IL 60601, via the CM/ECF system, on April 27, 2016.

                                        /s/ W. Grant Farrar

W. Grant Farrar, Corporation Counsel
Henry J. Ford, Jr., Assistant City Attorney
City of Evanston, Law Department
2100 Ridge Ave. #4400
Evanston, IL 60201
(847) 866-2937
Attorney for Defendant