**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BIAGIO STRAGAPEDE, | ) | |
| | ) | |
| | ) | Case No. 12-cv-08879 |
| Plaintiff, | ) | |
| | ) | Hon. Edmond E. Chang |
| vs. | ) | |
| | ) | |
| CITY OF EVANSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND COSTS

Now comes the Plaintiff, Biagio Stragapede, by his attorneys Tracy E. Stevenson and Robbins, Salomon & Patt, Ltd., and for his reply brief in support of petition for attorneys' fees and costs, states as follows:

**I.** **Plaintiff submitted its Petition for Fees and Costs [Dkt. 225] along with supporting billing records and affidavits following its Local Rule 54.3 conference with defense counsel.**

Defendant asserts that, following its Local Rule 54.3 conference, its brief opposing these new costs, standing alone, is sufficient to overcome the plaintiff's fee petition supported by affidavits attesting to the propriety of the fees and costs claimed. While the fee applicant bears the burden of proving his entitlement to an award of fees and appropriately documenting the hours and rate, the defendant's objections must be similarly documented in order to contest those fees and costs. Here, however, the defendant did not provide any affidavits or other evidentiary basis for its contest of the fees and did not specifically provide or disclose its own billing information or other evidence it used to contest the requested hours and rates. See Northern District of Illinois Local Rules 54.3(d)(1)-(2) and 54.3(d)(5). Defendant fails to state that evidence to contest the fees are unreasonable or that its own fees and rates are not similar.

## II. The Case Was Properly Staffed.

The courts recognize that the number of attorneys raises a question whether the case was overstaffed and the lawyers duplicated each other's efforts. See *DeBartolo v. Health & Welfare Department*, 09 C 0039, 2011 WL 1131110 at *9-10 (N.D. Ill. March 28, 2011). However, a mere allegation of "overstaffing" is insufficient to satisfy defendant's assertion that the entries in question are duplicative or improper overbilling. In fact, the Defendant asserts that it staffed its case with two attorneys. However, a review of the docket demonstrates that more attorneys were, in fact, involved in the case. Nevertheless, when defendant, without supporting evidence, simply asserts "that type of lean and focused staffing compares quite favorably to diffuse, inefficient billing by plaintiff's lawyers." See [Dkt. 238, at p.3]. However, without comparable billing records of the defendant, there is no way to verify the reality of that statement.

Whether more than one attorney is necessary at a given stage of a case depends on the complexity of the case. Here, plaintiff has explained via affidavit and otherwise why there were a number of attorneys working on the case.

### A. Andrés J. Gallegos.

First, Mr. Gallegos is the long-time attorney for the Stragapedes and had intimate knowledge of the case. As Mr. Gallegos is not a litigator by specialty, it was certainly proper to engage litigators and federal trial attorneys to engage the process of the case. Defendant indicates that there was insufficient detail regarding certain hours of Mr. Gallegos in October 2010. 5.3 hours spent in October 2010 drafting a background memo in light of the sequence of events is not unreasonable. Mr. Gallegos' affidavit attests to the reasonableness of his time entries. Defendant does nothing other than to plead that 5.3 hours was "too long."

Importantly, Mr. Gallegos billed for attending the June 9, 2015 trial at "no charge." These N/C entries show that the plaintiff and his counsel did, in fact, review the billing records

and cut or eliminate time that **could** be deemed excessive or duplicative. Further, as set forth in its fee petition, multiple attorneys conferring with one another on a case or reviewing emails and reviewing pleadings prior to filing provides clarity and best effectuates the client's needs. Again, defendant fails to identify how often its attorneys conferred with respect to depositions, trial preparation and testimony, review of pleadings. Without this showing or other evidence to substantiate its claims of impropriety, defendant's arguments are unfounded.

B.   Jennifer M. Sender.

With respect to Ms. Sender's time, there is no demonstration that Ms. Sender's time was duplicative. In fact, review of the time entries in December and January show that, during that time, Ms. Sender, an experienced litigator, pursuant to the terms of her affidavit, was spending time during which Ms. Stevenson was not billing. The motions for summary judgment in this case were cross-motions for summary judgment, very fact specific and entailed a variety of legal issues. Again, defendant properly points out that in certain instances Ms. Lauricella, a young associate, had time which was billed at "no charge" relative to the purported motion work. This, again, demonstrates not that the time was duplicative but that certain time was reviewed by plaintiff and his counsel and stricken because it may be deemed to have been duplicative. Again, Defendant cannot establish that the time in itself was excessive with respect to the motion for summary judgment as it failed to supply its own time and/or the ratio of time between senior attorneys and junior attorneys in preparing same. Ms. Sender's expenditure of 14 hours reviewing the work of Ms. Lauricella, who, by defendant's admission, spent over 96 hours in the summary judgment practice, is not unreasonable.

As recognized in *Soleau v. Illinois Dept. of Transportation*, 2011 WL 2415008 (N.D. Ill. June 9, 2011), "it is reasonable for a partner and associate to staff a case and this arrangement will result in some overlap between two attorneys. That overlap is not unreasonable." *Soleau,* at *8. Finally, the fact that Ms. Lauricella had only 32 internal conferences over a two-year period

on a detailed case involving multiple pages of discovery, multiple depositions and involved new work by a young associate is not only reasonable but those conferences are mandatory to serve the client's needs and reduce costs.

    C.    **Scott D. Spears**.

Defendant further contests Scott Spears' input in the trial. Mr. Spears is an attorney formerly employed by Robbins, Salomon & Patt, Ltd. The crux of defendant's objections appears to be that Mr. Spears participated in the preparation for trial of the case but did not previously participate in the motions for summary judgment or the depositions. However, an attorney's time is not deemed improper because he joined the case late. There are no entries billed to "review of file materials to get up to speed." In terms of trial preparation, an attorney can certainly assist with witness preparation, trial preparation, and the defendant cannot simply conclude that because Mr. Spears did not cross-examine a witness, nor take testimony at trial, that he was not performing legal work related to the trial. A second attorney assisting at the trial table is not duplicative, but is often a necessity during trial in the event legal research, witness organization, and other issues arise. See *Soleau, Id.*

**III.**    **Time Entries Are Not Unreasonably Block-Billed Nor Do They Demonstrate "Clerical Work."**

Defendant also points to alleged unreasonably billed excessive time and "clerical work" in its initial objections. Specifically with respect to Ms. Stevenson's entry on January 26, 2015 for 6.5 hours to complete the proposed 13-page pretrial order is not excessive. A mere review of the court's docket starting at Dkt. 88, demonstrates the extensive nature of the pretrial order including preparation of exhibits lists, motions in limine, voir dire, and jury instructions. The proposed pretrial order itself is 13 pages long, a majority of which is attributable to plaintiff's work based upon the relevant burdens of proof. That same docket sheet also demonstrates that Defendant produced each of its motions in limine on January 26, 2015.

Next, defendant contests Ms. Frymire attending settlement conferences and the June 9 damages hearing. However, it is not, again, unusual or improper to have a junior associate attorney attend settlement conferences or damages hearings, both of which included attendance by the plaintiff. Ms. Frymire, after being sworn in, is a noted attorney on the post-trial motions.

Defendant then contests vague or block billing. However, the case law cited does not support striking the entries claimed as improper by Defendant. Attorneys need not divulge every detail of their in a billing record nor is there a fixed standard. The court may look at entries immediately preceding or post to identify the crux of the work involved. See *DuPuy v. McEwen*, 648 F.Supp.2d 1007, 1025 (N.D. Ill. 2009) Specifically, the defendant attempts to assert that Ms. Lauricella spent ten hours on a Rule 56.1 Statement of Facts. However, Rule 56.1 requires specificity in the Statement of Facts, citations to records, and in order to do so, the preparation of a Statement of Facts requires culling through documents in order to produce same. That the Statement of Facts contained 63 items speaks specifically to Ms. Lauricella's need for in-depth work in the creation of same. Ten minutes per item as identified by the defendant to prepare a Rule 56.1 Statement of Facts is not excessive.

As the court in *DuPuy v. McEwen*, 648 F.Supp.2d 1007, 1025 (N.D. Ill. 2009), when billing daily, the risk of errors, memories, absence, and block billing for time spent on trial preparation is not automatically deemed improper. See also Affidavit of Tracy E. Stevenson, attached hereto as Exhibit A. Again, defendant's failure to provide any evidence of the impropriety of time spent in preparation for trial cannot alone ascertain a denial of the fees claimed.

Finally, review of the entries deemed improper due to clerical work does not establish how Defendant determined the alleged impropriety. An attorney must engage in the organization and final presentation of discovery and motion exhibits as part of their signatory responsibility upon pleadings and attestation.

**IV.   The AFSCME Costs are Properly Assessed as Necessary Discovery**.

Plaintiff has addressed the issues with respect to costs related to the AFSCME transcripts in its petition and will not reiterate those here.

However, the City raises a new issue in its brief. The City's assertion that the "City incurred costs in obtaining the AFSCME transcripts is irrelevant as the City's decision to obtain these materials were related to other matters between the City and AFSCME which have absolutely nothing to do with the proceeding here" [Dkt. 238, p.10] is disingenuous at best. The fact that these transcripts were charged to the Stragapede litigation demonstrates exactly the opposite. The City produced those costs pursuant to Local Rule 53.4 as directly related to this lawsuit. The disclaimer, without an affidavit as to same, is improper.

WHEREFORE, for all the foregoing reasons, the plaintiff prays that the attorneys' fees in the amount of $118,507.50 be awarded in full as billed, as defendant has not provided any evidentiary basis to strike same and further award costs in the amount of $2,626.50.

> Respectfully submitted,
> By: /s/  Tracy E. Stevenson
>       Attorney for Plaintiff

Tracy E. Stevenson (ARDC #6207780)
ROBBINS, SALOMON & PATT, LTD.
Attorneys for Plaintiff
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000 – Telephone
(312) 782-6690 – Facsimile
email: tstevenson@rsplaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Julius Ford, Jr.    hford@cityofevanston.org
Mario Treto, Jr.    mtreto@cityofevanston.org
W. Grant Farrar    gfarrar@cityofevanston.org

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

NONE.

                                        /s/ Tracy E. Stevenson
                                        Tracy E. Stevenson, (ARDC #6207780)
                                        ROBBINS, SALOMON & PATT, LTD.
                                        Attorneys for Plaintiff
                                        180 North LaSalle Street, Suite 3300
                                        Chicago, Illinois 60601
                                        (312) 782-9000 – Telephone
                                        (312) 782-6690 – Facsimile
                                        email: tstevenson@rsplaw.com